UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


MICHELLE THORTON BROWN, ET                CIVIL ACTION
AL.


VERSUS                                    NO: 06-9470


LEXINGTON INSURANCE CO., ET               SECTION: "A" (1)
AL.


                              **ORDER**

    Before the Court is a **Motion to Remand (Rec. Doc. 4)** filed by plaintiffs Michelle Thornton Brown and Earl Brown.  Defendants Lexington Insurance Co. ("Lexington") and Lastrapes Insurance Agency, LLC ("Lastrapes") oppose the motion.  The motion, set for hearing on January 10, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is **GRANTED**.

**I.    BACKGROUND**

    Plaintiffs initiated this suit in state court against Lexington and Lastrapes.  Plaintiffs seek recovery under a homeowner's policy originally issued by Lexington through Lastrapes, Plaintiffs' insurance agent, in December 2003. Plaintiffs allege that their home located in New Orleans, Louisiana sustained wind and water damage during Hurricane Katrina and that Lexington has in bad faith denied their claims for wind damage. Plaintiffs also contend that Lastrapes sold them a policy that purported to have full coverage without any "gaps" for all types of

risks and wind/rain hazards." (Pet. ¶ 3). The allegations in the complaint with respect to Lastrapes are vague but via the motion to remand Plaintiffs have clarified that the coverage "gap" that forms the basis of the complaint against Lastrapes is for flood losses. Plaintiffs contend that Lastrapes did not tell them that their deluxe all risk homeowner's policy did not include flood coverage and misrepresented the all encompassing nature of the policy. Plaintiffs also assert that the declarations page of their policy specifically states that they have flood coverage. (Rec. Doc. 15, Exh. 1). Plaintiffs and Lastrapes are all Louisiana citizens.

Lexington removed the case asserting that Plaintiffs had improperly joined Lastrapes in this suit because their claims against Lastrapes are perempted and because Plaintiffs fail to state claim against Lastrapes under the facts alleged. Plaintiffs now move to remand the case.

## II.  DISCUSSION

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)). The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar.

Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (citing Travis, 326 F.3d at 648).  However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the pleadings.  See id. at 462-63.  Rather, the court may "pierce the pleadings" and consider summary judgment-type evidence.  Id. at 463 (citing Travis, 326 F.3d at 648-49).

La. R.S. 9:5606, entitled Actions for Professional Insurance Agent Liability, provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue **within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.**  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. Ann. § 9:5606(A) (West 1991 & Supp. 2006) (emphasis added).  Further, subpart D of the statute provides:

> The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Id. § 5606(D).  Peremption differs from prescription in that it

3

extinguishes or destroys the legal right to which it applies.  <u>Bel v. State Farm Mut. Auto. Ins. Co.</u>, 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) (citing <u>Coffey v. Block</u>, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000)).

It is undisputed that the Lexington policy was first issued in December 2003 and delivered in January 2004.  It is also undisputed that the policy contained a flood exclusion from its inception.  Thus, the alleged act or omission that forms the basis for Plaintiffs' claim against Lastrapes occurred on or before January 2004.  Pursuant to La. R.S. 9:5606 Plaintiffs then had a final deadline of January 2007, to file suit against Lastrapes regardless of when the alleged negligence was discovered.  Plaintiffs filed the instant suit on August 28, 2006, so the three year peremption does not present an obstacle for Plaintiffs' claim against Lastrapes.

Nevertheless, La. R.S. 9:5606(A) also provides a shorter peremptive period of one year from the date that Plaintiffs discovered *or should have discovered* the alleged act or omission.  There are no allegations in the petition of any ongoing misrepresentations that occurred in conjunction with the policy renewals.  The renewals therefore do not operate to restart the running of the peremptive period.  <u>Dobson v. Allstate Ins. Co.</u>, No. 06-252, 2006 WL 2078423 (E.D. La. July 21, 2006) (Vance, J.)

4

(citing Biggers v. Allstate Ins. Co., 886 So. 2d 1179, 1182-83 (La. Ct. App. 2004)). Plaintiffs do not allege that Lastrapes neglected to give them a copy of their policy. In Louisiana an insured is generally responsible for reading his policy and she is presumed to know its provisions. Dobson v. Allstate Ins. Co., No. 06-252, 2006 WL 2078423 (E.D. La. July 21, 2006)(Vance, J.) (citing Motors Ins. Co. v. Bud's Boat Rental, 917 F.2d 199, 205 (5th Cir. 1990); Stephens v. Audubon Ins. Co., 665 So. 2d 683, 686 (La. App. Ct. 1996)). Plaintiffs' claim against Lastrapes might very well have expired in January 2005, one year after the policy was originally issued with the flood exclusion.

However, the Court cannot determine based on the current record whether Plaintiffs *should have known* about the flood exclusion in January 2004. While the policy does contain an endorsement excluding flood losses the declarations page might very well have lulled Plaintiffs into believing that they had flood coverage in light of the contentions they make regarding misrepresentations by Lastrapes--factual contentions that the Court must accept as true. Under "special" coverage the declarations page lists a deductible for water damage yet the policy later purports to exclude water damage altogether. Further, while the declarations page does indicate that Plaintiffs had no *excess* flood coverage, the format of the declarations section could be read to

5

suggest that Plaintiffs had $250,000 (building) and $100,000 (contents) coverages for flood.  Under the circumstances the Court cannot say with certainty that Plaintiffs have no possibility of recovery in state court against Lastrapes.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 4)** filed by plaintiffs Michelle Thornton Brown and Earl Brown should be and is hereby **GRANTED**.  This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction.

January 22, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE